IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAUL W. COOPER, #014270-000 | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO.  RDB-07-1680 |
| LISA HOLLINGSWORTH, Warden | : | |
| Respondent | : | |

## **MEMORANDUM OPINION**

Before the court is a *pro se* 28 U.S.C. §2241 petition filed by Paul W. Cooper, a D.C. Code offender and an inmate at the Federal Correctional Institution in Cumberland, Maryland, challenging the calculation of his sentence and requesting his immediate release. Counsel for respondent has filed an answer. Upon review of the pleadings, exhibits, and applicable law, the court determines that a hearing is unnecessary. The petition will be dismissed without prejudice for failure to exhaust administrative remedies.

**Claims Presented**

Cooper claims that the Bureau of Prisons (BOP) has misinterpreted the law by running his sentencing consecutively. Further, he alleges that he was sentenced to four years incarceration, not twelve years as calculated by the BOP. Additionally, he disputes the calculation of his good time credits and argues that he is entitled to have his sentence calculated pursuant to the "state 65% scale."

**Factual Background**

On December 13, 2002, the District of Columbia Superior Court sentenced Cooper to a total of twelve years incarceration from three different judgments for cocaine distribution. The Court

ordered the judgments to run consecutively. Cooper has not presented his claims through the BOP administrative remedy procedure.

**Exhaustion of Remedies**

A petitioner must exhaust administrative remedies before bringing a §2241 action. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987). The BOP has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. *See* 28 C.F.R. § 542.10 *et seq.* An inmate may first attempt informal resolution. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. §542.14. If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See* 28 C.F.R. §542.15(a). Cooper has yet to exhaust his claims through the administrative process. Accordingly, the petition will be dismissed.

**Conclusion**

For these reasons, the Court will dismiss the Petition. A separate Order follows.

<u>September 10, 2007</u>              /s/
Date                      RICHARD D. BENNETT
                    UNITED STATES DISTRICT JUDGE